MATTER OF IBARRA

In Section 212 (e) Proceedings

A-14673457

*Decided by Acting Regional Commissioner May 1, 1968*

"Exceptional hardship" within the meaning of section 212(e) of the Immigration and Nationality Act, as amended, is established by an exchange visitor whose United States citizen wife is expecting the birth of a child in approximately 4 months, has established that residence in the Philippines would be detrimental to her health, and departure from the United States would disrupt her education and future plans for a career.

ON BEHALF OF APPLICANT:     Norman Stiller, Esquire
                            995 Market Street, Suite 1018
                            San Francisco, California 94103

This case comes before the Regional Commissioner on appeal from the decision of the District Director, San Francisco, who on February 20, 1969 denied the application in that it had not been established that compliance with the two-year foreign residence requirement of section 212 (e) of the Immigration and Nationality Act, as amended, would impose exceptional hardship on the applicant's United States citizen wife.

Oral argument was requested and granted. Counsel appeared for such argument as scheduled.

The applicant is a 27-year-old, married male, a native and citizen of the Philippines who was admitted to the United States as an exchange visitor under section 101 (a) (15) (J) of the Act on August 31, 1963 destined to the University of Kansas to participate in exchange program P.I.—99 as a graduate student in electrical engineering. In January 1964 he transferred to the University of California at Berkeley to participate in exchange program P.I.—352 sponsored by the University of California, as a research assistant and graduate student. He received extensions of stay as an exchange student to April 1, 1969. He was awarded a Master's degree in engineering in June 1965 and a doctorate in engineering in September 1967 which was followed by eighteen

277

months practical training. He has never participated in a program sponsored by the United States government. He is presently employed as an acting assistant professor and assistant research engineer in the Department of Electrical Engineering and Computer Services of the University of California at an annual salary of $9,684 and $1,000 a month during the summer months.

He married a native-born citizen of the United States on September 14, 1968. He is the beneficiary of an approved petition under section 201(b) of the Act as the spouse of a United States citizen. He filed the present application for waiver of the two-year foreign residence requirement of section 212(e) of the Act on January 2, 1969.

The applicant alleges that his field of work in electrical engineering—Automata Theory—is specialized and would not be available in the Philippines and that he would be unable to utilize his specialized skills in the Philippines whereas in the United States his skills are in demand. Counsel on appeal points out that if the applicant is required to depart from the United States his limited earnings in the Philippines would be insufficient to support himself in the Philippines and his wife in the United States.

The applicant's United States citizen wife alleges that residence in the Philippines would be detrimental to her health. She had spent a short vacation in the Philippines in the Summer of 1967 and developed allergies and a rash from the insect life and hot weather conditions which resulted in fever and swollen limbs. On appeal applicant presented letters from a doctor in the Philippines and a doctor in the United States which substantiate the claims of health and medical problems experienced by the applicant's wife in the Philippines. These letters state that return to the Philippines would be detrimental to her health.

On appeal counsel also presented evidence that the applicant's wife on March 22, 1969 completed her studies for a Bachelor of Science degree in Biological Sciences and had registered with the California State Department of Public Health as a clinical laboratory technologist trainee. This training is generally of a year's duration and is required to qualify as a clinical laboratory technologist. The applicant's wife states that her departure from the United States would disrupt her education and future plans for a career in her field of work and that if she remained in the United States while her husband departed he would be unable to contribute to her support in the United States and she would have to seek employment to support herself and would be unable to proceed with her clinical training.

278

In the *Matter of Chong* 12 I. & N. Dec. 793, it is held that exceptional hardship is established where departure from the United States "would disrupt and indefinitely postpone" the education of the citizen spouse preparatory to teaching at the college level.

She also stated (supported by letter from a doctor) that she expects a child in August and is fearful that medical services in the Philippines are inferior to such services in the United States and that living conditions in the Philippines would be detrimental to a new-born child.

In view of the foregoing, it has been determined that the applicant's compliance with the foreign residence requirement of section 212(e) of the Act would impose exceptional hardship upon his United States citizen spouse. The case will therefore be remanded to the District Director, San Francisco, to prepare an appropriate letter for submission to the Chief, Facilitative Services Division, Bureau of Educational and Cultural Affairs, Department of State requesting a recommendation from the Secretary of State.

**ORDER:** It is ordered that the case be remanded to the District Director for appropriate action in accord with the foregoing.